USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/14/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DOREEN BONGERS,

                    Plaintiff,

       v.

MANUFACTURERS AND TRADERS
TRUST COMPANY d/b/a M&T Bank

                  Defendant.
_____

Index No. 19-cv-11440(VB)

JUDGE VINCENT L. BRICCETTI, District Judge:

WHEREAS, all the parties to this action (collectively, the "Parties" and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including, without limitation, the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential"

pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2.  The Party or person producing or disclosing Discovery Material (the "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a) financial information (including, without limitation, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) material relating to ownership or control of any non-public company;

(c) business plans, product-development information, marketing plans;

(d) any information specific to any employee or employees, including but not limited to, names, contact information, positions, start/end dates, salaries, benefits, performance, discipline, complaints, personnel files, and personnel information;

(e) any information considered Protected Health Information ("PHI") pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the Privacy Rule thereof; or

(f) any other category of information this Court subsequently affords confidential status.

3.  With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

4.  A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record

during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5.  If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6.  Nothing contained in this Order will be construed as: (1) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.  Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) in-house counsel, including any paralegal, clerical, or other assistant that such in-

house counsel assigns to this matter;

(d) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel (outside and/or in-house) hire and assign to this matter;

(e) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as **Exhibit 1**;

(f) any witness who counsel (outside and/or in-house) for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as **Exhibit 1**;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as **Exhibit 1**;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

8.   Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(e), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed hereto as **Exhibit 1**, stating that he or she has read this Order and agrees to be bound by its terms.  Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.   The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any

4

motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

10. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an Electronically unredacted copy of the Confidential Court Submission under seal ~~with the Clerk of this Court~~, in accordance with the Local Rules for the Southern District of New York and the Court's Individual Practices, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

11. Any Party who objects to any designation of confidentiality may, at any time before the trial of this action, serve upon counsel for the Producing Party a written notice stating with particularity the ground of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute with the Court in accordance with the Local Rules for the Southern District of New York and the Court's Individual Practices.

12. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may, at any time before the trial of this action, serve upon counsel for the recipient Parties, a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all of the affected Parties will address their dispute to this Court in accordance with paragraph 2(F) of this Court's Individual Rules and Practices.

5

13. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as is reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15. Nothing in this Order shall be deemed to preclude counsel (outside and/or in-house) for each respective Party from providing legal advice to such Party based on and by reference to Confidential Discovery Material properly maintained, produced, and/or received in accordance with this Order.

16. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Within sixty (60) days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such

material – including all copies thereof. In either event, by the 60-day deadline, the recipient

must certify its return or destruction by submitting a written certification to the Producing Party

that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms

of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this

provision, the attorneys that the Parties have specifically retained for this action may retain an

archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda,

correspondence, or attorney work product, even if such material contains Confidential Discovery

Material. Any such archival copies that contain or constitute Confidential Discovery Material

remain subject to this Order.

18. This Order will survive the termination of the litigation and will continue to be

binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

19. This Court will retain jurisdiction over all persons subject to this Order to the extent

necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt

thereof.

**SO STIPULATED AND AGREED.**

Dated: October 13, 2020

**MARKUS & SHERIDAN LLP**

By: _____
    Marc Sheridan, Esq.

    116 Radio Circle, Suite 304
    Mount Kisco, NY  10549
    Tel:   (914) 241-6300

    marc@mslawny.com

    *Counsel for Plaintiff*

**HODGSON RUSS LLP**

By: _____
    Robert Fluskey, Esq.

    140 Pearl Street, Suite 100
    Buffalo, NY 14202
    Tel: (716) 848-1688

    rfluskey@hodgsonruss.com

    *Counsel for Defendant*

**SO ORDERED.**

Dated: October 14, 2020

By: _____

    U.S. DISTRICT JUDGE

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOREEN BONGERS,

        Plaintiff,

 v.                  Index No. 19-cv-11440(VB)

MANUFACTURERS AND TRADERS
TRUST COMPANY d/b/a M&T Bank

        Defendant.

---

## EXHIBIT 1

I, _____, acknowledge that I have read and understand

the Protective Order in this action governing the non-disclosure of those portions of Discovery

Material that have been designated as Confidential.  I agree that I will not disclose such

Confidential Discovery Material to anyone other than for purposes of this litigation and that at

the conclusion of the litigation I will return all discovery information to the Party or attorney

from whom I received it.  By acknowledging these obligations under the Protective Order, I

understand that I am submitting myself to the jurisdiction of the United States District Court for

the Southern District of New York for the purpose of any issue or dispute arising hereunder and

that my willful violation of any term of the Protective Order could subject me to punishment for

contempt of Court.

Dated: _____, 20__      By:_____
   _____, _____          (signature)

                 _____
                    (name)

                 _____
                   (address)

9